MATTHEW and DANIEL KINNIKEN, defendants *vs.* JOSHUA KIN-
NEY, plaintiff.

A justice of the peace may make a second adjournment of a cause of his own motion, without affidavit.

In a suit against two persons the court will not imply that they are partners, but regard them as joint debtors, to support the judgment.

SUSSEX, October term, 1845. This was a certiorari directed to Justice Windsor, who returned a record thus: " Joshua Kinney *vs.* Matthew and Daniel Kinniken. Plea, debt $50, demanded on account. Summons issued 21st December, 1844, to constable Moore, returnable 4th of January next. And now to wit, January 4th, 1845,

summons returned personally served upon the defendants, Dec. 30, 1844; saith, I. T. Moore, constable. Defendants not appearing, case continued to the 18th inst. And now, to wit, January 18, 1845, defendants having failed to appear, the case (in consequence of the unfavorableness of the weather) continued to the 25th instant. And now, to wit, January 25th, 1845, defendants having failed to appear, and having heard the allegations and proofs of the plaintiff, judgment is hereby given in favor of the plaintiff against the defendants, the 25th day of January, 1845, by default the return having been first verified as by law required; for debt, $50; cost, 69 cents."

The exceptions were:—1st. Because the action was brought against the defendants as partners or joint debtors, without giving the several names of the partners or joint debtors, or the trading name of the firm. 2d. Because the second adjournment of the cause was illegal, being without any oath or affirmation as required by law.

*The Court* affirmed the judgment. It does not appear by the record, that the suit was against the defendants *as partners,* and it will not be so inferred. They are to be regarded as *joint* debtors. As to the second adjournment; the act (*Dig.* 332,) authorizes the justice to adjourn the proceedings from day to day for his own information, or the purposes of justice. It requires him to make one adjournment on the application of either party, if the sum demanded exceed $5 33; " but no subsequent adjournment shall be granted, unless it shall appear to the satisfaction of the justice, by the oath or affirmation of *the party applying* for the adjournment or otherwise, that such party is not prepared to go into the trial with safety, and that such want of preparation is not owing to design or to not using due diligence." This restriction has been construed to apply only to adjournments granted on the application of a party, and not to adjournments made by the justice on his own motion for the purposes of justice, otherwise it would be often impossible to decide cases with the necessary deliberation. And by section 5 of the act regulating this jurisdiction, it is also provided, that on the non-appearance of a defendant pursuant to an adjournment, the justice may either give judgment by default, or may adjourn the cause to a *further* day, which gives him the power of his own motion to make a second adjournment without affidavit. Additionally, this second adjournment was made for the advantage and benefit of the party who now excepts to it.

                                        Judgment affirmed.

*Layton,* for defendants.